19410. WALKER *v.* CITY OF CAIRO.

DECIDED APRIL 11, 1929.

618

*S. P. Cain,* for plaintiff in error. *Jeff A. Pope,* contra.

STEPHENS, J. (After stating the foregoing facts.)

The defendant, in alleging in the affidavit of illegality that the plaintiff had accepted the check and obtained the money thereon in full settlement of the claim sued on, alleged an executed contract in satisfaction of the plaintiff's claim. It is not essential to the validity of an executed agreement in satisfaction of a claim that the claim be disputed. There is therefore no merit in the special ground of the demurrer to the affidavit of illegality that it was not alleged therein that the execution was "mentioned, discussed, or included in the amount covered by the check."

The affidavit of illegality alleges generally that the check tendered in accord and satisfaction was mailed to "the City of Cairo," and was accepted by "the City of Cairo." Nowhere is it alleged that the check was mailed to the person who held the office

of clerk and treasurer of the city or that it was accepted by him in satisfaction of the claim. There is therefore no merit in the special demurrer upon the ground that the affidavit of illegality fails to allege that the clerk and treasurer of the City of Cairo was authorized to settle any execution issued by the city.

■ The pleadings do not present for determination any question respecting the authority of any particular officer or officers of the city to accept for the city any sum in full satisfaction of the city's claim. Of course, if the officer of the city to whom the check was delivered and who accepted it and obtained the money on it in full satisfaction of the city's claim had no authority to compromise the claim or to settle it for less than the full amount, the transaction did not constitute a satisfaction of the claim. The affidavit of illegality alleging generally that the money was paid to and accepted by the City of Cairo in full satisfaction of the city's claim, but not alleging that it was paid to any designated officer of the city or was accepted by him, is good against the general demurrer.

■ The affidavit of illegality being good as against the general demurrer, and there being no special demurrer directed to it for its failure to designate what officer or officers, having authority to settle and compromise claims for the City of Cairo, accepted the money in full satisfaction of the city's claim, and the special demurrer filed being without merit, the court erred in sustaining the demurrer and striking the affidavit of illegality.

*Judgment reversed. Jenkins, P. J., concurs. Bell, J., disqualified.*